IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAINEL REYES-RODRIGUEZ<br>his wife IVETTE YAMILLETE-ALBINO<br>minor Yaminel Reyes-Albino and minor Yarainel Reyes-Albino<br><br>Plaintiffs<br><br>vs<br><br>POLICE SUPERINTENDENT PEDRO TOLEDO-DAVILA<br>COLONEL JUAN SANCHEZ-COLON<br>ASSOCIATE DIRECTOR OF FURA<br>and SERGEANT FRANCISCO MARI-VARGAS,<br>former Maritime Director of Boquerón Maritime Unit<br><br>Defendants | CIVIL 06-1243CCC |

O R D E R

Before the Court are defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (**docket entry 9**) based on plaintiffs' failure to state a claim upon which relief can be granted, and plaintiffs' opposition. Plaintiffs brought this suit under 42 U.S.C. §1983 and the First and Fourteenth Amendments of the Constitution of the United States, raising political discrimination and procedural due process violations. They also invoke the Court's supplemental jurisdiction for an Article 1802 action under the Puerto Rico Civil Code.

**Factual Allegations**

Plaintiff was a public employee and a member of the Boquerón Maritime Unit of the Police Department of Puerto Rico from 1982 to 2005. In 2003, he became a sergeant of the unit. He avers that he was awarded recognitions for his job performances, that his evaluations were excellent and he was never given any warnings. In 2005, he was transferred to the Police Department at San Juan and then reassigned to Mayagüez triggering a due process claim based on allegations that the transfer was involuntary, without previous hearing or cause. Regarding the First Amendment action, he claims that defendant Francisco Mari Vargas, former Maritime Director of the Boquerón unit and member of the

CIVIL 06-1243CCC                                              2

New Progressive Party ("NPP"), requested co-defendant Colonel Juan Sánchez-Colón, Director of FURA, to transfer him for political reasons. He contends that Mari Vargas would tell him that he did not want a non-NPP as a superior in his unit. It is also alleged that defendant Colonel Sánchez, is an NPP member, authorized and signed the transfer letter implying that he was motivated by political animus. Said letter was co-signed by defendant Pedro Toledo-Dávila, Superintendent of the Police of Puerto Rico, who had been appointed to such position by the Governor Acevedo-Vilá, a member of the Popular Democratic Party (PDP). Plaintiff seeks damages and reassignment to his original position as supervisor of the Boquerón Maritime Unit of the Puerto Rico Police Department.

### Analysis

Under a Rule 12(b)(6) analysis, the Court must accept all well-pleaded factual allegations as true and must draw all reasonable inferences in plaintiff's favor. Correa-Martínez v. Arrillaga Beléndez, 903 F.2d 49, 51 (1st Cir. 1990). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, (1957). However, "because only well-pleaded facts are taken as true, we will not accept a complaint's unsupported conclusions or interpretations of law" Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). The court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like", Aulson v. Blanchard, 83 F.3d. 1, 3 (1st Cir. 1996) but can dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506,122 S Ct. 992, 152 L. Ed. 2d 1 (2002).

CIVIL 06-1243CCC                                      3

The Supreme Court has established that "an employment discrimination complaint need not include specific facts establishing a prima facie case of discrimination and instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, 534 U.S. 506, 122 S Ct. 992, 152 L. Ed. 2d 1 (2002). This case establishes that there are no heightened standards for employment discrimination cases. See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66-67 (1st. Cir. 2004).

### Failure to State a Claim

Section §1983 "creates a private right of action for redressing abridgments or deprivation of federal constitutional rights." McIntosh v. Antonio, 71 F.3d 29, 33 (1st Cir. 1995). In order to establish liability under 42 U.S.C. §1983, plaintiff must show that "the conduct complained of was committed by a person acting under color of state law" Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005), and such conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535, 68 l. Ed. 2d 420, 101 S. Ct. 1908 (1981); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). The causal connection requires that the plaintiff establish for each defendant, that his/her own actions deprived the plaintiff of protected rights, Monell v. Department of Social Services, 436 U.S. 658, 694 n. 58, 56 L. Ed. 2d 661, 98 S. Ct. 2018 (1978); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d at 562; Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989).

The Supreme Court has firmly rejected the *respondeat superior* doctrine as a basis for §1983 liability of supervisory officials. Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985), unless the plaintiff can show "that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutiérrez-Rodríguez v. Cartagena, 882 F.2d at 562; see also Figueroa v. Aponte-Roque, 864 F.2d at 953.

> Under 42 U.S.C. §1983, supervisory law enforcement officers incur no *respondeat superior* liability for the actions of their subordinates. .... Absent participation in the challenged conduct, a supervisor 'can be held liable . . . [only] if (1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action

CIVIL 06-1243CCC                                          4

or inaction was '*affirmative[ly] link[ed]*' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence [of the supervisor] amounting *to deliberate indifference.*'" .... The "affirmative link" requirement contemplates proof that the supervisor's conduct led inexorably to the costitutional violation.... Hegarty v. Somerset County, 53 F.3d 1367, 1379-1380 (1st Cir. 1995) (internal citations, quotation marks and punctuation denoting alterations omitted).

See <u>Bisbal-Ramos v. City of Mayagüez</u>, 467 F.3d 16, 24.

After reviewing the allegation of the complaint relevant to political discrimination and making all inferences in plaintiff's favor, the court understands that plaintiff has pled sufficient facts that, if proven, support a claim under §1983 as to defendants Mari Vargas and Colonel Sánchez. The complaint is dismissed for failure to state a cause of action only under the First Amendment as to co-defendant Toledo-Dávila. There are no allegations whatsoever on the political discrimination claim of personal involvement or action taken by Mr. Toledo, other than the signing of the transfer letter, link him to the constitutional violation claimed. To allow the political discrimination action against Superintendent Toledo to go forward based only on his signing a transfer letter would anchor plaintiff's liability theory strictly on the respondeat superior doctrine without complying with the requirements that could justify it. For that matter, the complaint does not allege any of the other components of a political discrimination claim. Accordingly, the Motion to Dismiss is DENIED in its entirety as to all three defendants on the due process claim and GRANTED only as to Superintendent Toledo on the political discrimination claim.

The complaint alleges sufficient facts in support of the procedural due process claim.

SO ORDERED.

At San Juan, Puerto Rico, on December 19, 2006.

                                                                    S/CARMEN CONSUELO CEREZO
                                                                    United States District Judge